# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Second Lieutenant DAVID M. CAMPBELL
## United States Air Force

## ACM 38610

## 21 August 2015

Sentence adjudged 24 January 2014 by GCM convened at Columbus Air Force Base, Mississippi. Military Judge: Shaun Speranza.

Approved Sentence: Dismissal and confinement for 15 days.

Appellate Counsel for the Appellant: Major Jeffrey A. Davis and Captain Travis L. Vaughan.

Appellate Counsel for the United States: Major Roberto Ramirez and Gerald R. Bruce, Esquire.

Before

ALLRED, TELLER, and SANTORO
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

SANTORO, Judge:

A general court-martial composed of officer members convicted the appellant, contrary to his plea, of the wrongful use of cocaine in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The adjudged and approved sentence was a dismissal and confinement for 15 days. Before us, the appellant seeks sentencing relief pursuant to *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002). We disagree and affirm.

*Background*

The appellant traveled to Las Vegas, Nevada, to attend a weekend bachelor party. Upon his return he was randomly selected to provide a urine sample as part of the Air Force's drug testing program. The metabolite of cocaine was detected in the appellant's urine. Following a rights advisement, the appellant told investigators that he had shared a hotel room with several civilians and that some of the civilian attendees brought or obtained cocaine and other controlled substances. The appellant said he was offered and declined pills but, after initially denying that he used cocaine, eventually told investigators that he did ingest cocaine on a single occasion while in Las Vegas.

*Post-Trial Processing Delay*

Thirty-two days elapsed between the convening authority's action and the docketing of this case before this court. Under *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006), the record should have been docketed with this court within 30 days of the convening authority's action.

We review de novo an appellant's claim that he has been denied his due process right to a speedy post-trial review and appeal. *Moreno*, 63 M.J. at 135. Because the 32-day period in this case is facially unreasonable, *see id.* at 142, we examine the claim under the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice." *Moreno*, 63 M.J. at 135. If we are able to conclude directly that any error was harmless beyond a reasonable doubt, we do not need to engage in a separate analysis of each factor. *See United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F. 2006).

The appellant does not argue that he has been personally prejudiced by the delay. While we agree that *Moreno* violations are unacceptable, we find beyond a reasonable doubt that the appellant was not harmed by the two-day delay and is thus not entitled to relief under *Moreno*.

However, that does not end the inquiry, as we may grant sentence relief under Article 66(c), UCMJ, 10 U.S.C. § 866(c), even when we find no prejudice in unreasonable post-trial delays. *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *see also United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006) (finding delays were "such that tolerating them would adversely affect the public's perception of the fairness and integrity of the military justice system"). However, "[a]ppellate relief under Article 66(c) should be viewed as the last recourse to vindicate, where appropriate, an appellant's right to timely . . . review." *Tardif*, 57 M.J. at 225.

We have examined the entirety of the post-trial process. Aside from the two-day delay in docketing the record with this court, the remainder of the post-trial activities occurred within established time standards, and we detect nothing that would suggest this is a case in which the public's perception of the fairness and integrity of the system could reasonably he questioned. We therefore decline to grant *Tardif* relief.

## Conclusion

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ, 10 U.S.C. § 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court